[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 30, 2005
THOMAS  K. KAHN
CLERK

No. 04-16607
Non-Argument Calendar

D. C. Docket No. 04-00207-CV-ORL-19DAB

DAVKEN, INC.,
a corporation organized under
the laws of the State of Indiana,

Plaintiff-Appellant,

versus

CITY OF DAYTONA BEACH SHORES,
a municipal corporation organized under
the laws of the State of Florida,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 30, 2005)**

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Davken, Inc. appeals the district court's sua sponte dismissal of Count 1 of its 42 U.S.C. § 1983 action, asserting a violation of the Contracts Clause of Article I, Section Ten of the U.S. Constitution, and entry of summary judgment on its remaining claims. Davken sued the City of Daytona Beach Shores ("City") after the City enacted Ordinance 2003-24, which regulated the sale of fireworks within the City. We affirm in part and reverse and remand in part.

The parties are familiar with the relevant underlying facts and we only summarize them here. On November 6, 2002, Davken entered an agreement to lease a building in the City for five years, with the option to extend the lease for five additional years. Davken planned to open a fireworks store at the location and the lease provided that "Tenant shall be entitled to the use and possession of the Premises for the purposes of renovation and remodeling for a Fireworks Store." Prior to execution of the lease, the lessors, who purchased the property on September 5, 2002, at which time the property was zoned for a retail store, had determined that local law permitted the direct retail sale of fireworks in the City. Davken obtained all necessary permits and invested hundreds of thousands of dollars in capital improvements prior to opening for business in May 2003.

Thereafter, on June 25, 2003, the City Council passed Ordinance 2003-24 to regulate the sale of fireworks by, inter alia, (1) compelling potential purchasers first

to obtain an affidavit from the City Police Department during weekday business hours, and (2) requiring vendors, such as Krazy Dave's, to mail fireworks to customers rather than presenting the fireworks to the purchaser at the time of purchase. The district court noted that the Ordinance was "apparently in response to citizen complaints about noise." The district court continued:

> Though the ostensible purpose of ordinance 2003-24 was to curtail the discharge of fireworks within Daytona Beach Shores, the City Attorney stated during City Council deliberations that Florida statutes already enabled the City to fine people who misuse fireworks. The City Attorney also stated that the ordinance would have no effect on the availability of fireworks because they were readily available from an outlet in nearby Daytona Beach. The ordinance passed, however, and Daytona Beach Shores began to enforce it against Plaintiff on July 18, 2003. Unsurprisingly, this effectively ruined Plaintiff's business because fireworks could be obtained without any encumbrances simply by driving a few blocks to Daytona Beach, which, being a separate municipality, was outside the jurisdiction of ordinance 2003-24. Plaintiff alleges that the actions of Daytona Beach Shores have deprived him of the income he needs to fulfill his obligations under his building lease.

> In November 2003, Plaintiff sought a variance or the "grandfathering" of the ordinance because it had destroyed its business by vitiating vested property rights and undermining the operation of Plaintiff's lease. On December 10, 2003, the City Council considered Plaintiff's petition, but, on advice of the City Attorney, dismissed it as devoid of merit and invited Plaintiff to sue.

On February 19, 2004, Davken filed this lawsuit, alleging a substantive-due-process claim under the Fourteenth Amendment and an unreasonable impairment of

3

existing contract rights and obligations in violation of Article I, Section Ten of the U.S. Constitution, both pursuant to 42 U.S.C. § 1983 ("Count 1"), seeking a declaratory judgment that the Ordinance conflicted with Florida law ("Count 2"), and seeking "just compensation" under the Florida Constitution ("Count 3"). After the City failed to file a responsive pleading or motion, on April 6, 2004, a clerical default was entered, pursuant to Fed. R. Civ. P. 55(a). Thereafter, on April 16, 2004, Davken moved for partial default judgment, stating it was entitled to a default judgment as to Counts 1 and 2 and also stating that Count 3 had been pled in the alternative so that the district court need not grant relief on Count 3 if it entered a default judgment on Counts 1 and 2.

Prior to setting Davken's motion for partial default judgment for a hearing, or otherwise acting on the motion, and before the City had appeared in the proceeding, on May 7, 2004, the district court sua sponte dismissed Davken's Count 1 claim to the extent that it asserted a violation of the Contracts Clause of Article I, Section 10. The court stated that it had conducted its own review of Davken's complaint and motion for partial default judgment and concluded that Davken's Count 1 failed to state a claim for violation of its rights under the Contracts Clause. The court found that although the complaint adequately alleged a contractual relationship between Davken and its lessor, the complaint failed to adequately plead that Ordinance 2003-

4

24 was an impairment of that contract. More specifically, the district court determined that the Ordinance "has simply crippled Plaintiff's ability to earn the money necessary to pay its rent, not abrogated or otherwise rewritten any provision of the lease contract itself. Without nullifying or redrafting some term of Plaintiff's lease, however, ordinance 2003-24 has not contravened the contracts clause." Also on May 7, 2004, in a separate order, the district court set an evidentiary hearing to consider the remainder of Davken's motion for partial default judgment.

On May 26, 2004, the City entered its appearance in the action and moved to set aside the clerical default and file its answer out of time, stating that although the City Manager received the summons and complaint, his assistant had inadvertently failed to forward these materials to the appropriate entity that defends the City in such actions. After an evidentiary hearing, the district court set aside the clerical default, finding that the City's failure to file its response to the complaint was not wilful and was not meant to thwart the proceedings or to be in reckless disregard of them. The court awarded Davken the costs and attorneys' fees it had incurred in obtaining the clerical default and defending the motion to set it aside. The district court also permitted Davken to file an amended complaint.

In Count 1 of Davken's amended complaint, it realleged the substantive-due-process violation, added a claim based on equal protection under the Fourteenth

Amendment, pursuant to 42 U.S.C. § 1983, and omitted the Contracts Clause claim that had been sua sponte dismissed by the district court. Davken also reasserted Count 2, seeking a declaratory judgment that the Ordinance conflicted with Florida law, and Count 3, seeking "just compensation. The City moved for summary judgment on Davken's amended complaint. The district court entered summary judgment, finding that (1) the ordinance met the rational-relationship test under the Due Process and Equal Protection Clauses since the City's passage of the ordinance was rationally related to legitimate government purposes, including the health of a large elderly population, the safety of the community, environmental concerns, and quality-of-life concerns; (2) the ordinance did not conflict with Florida law and, thus, Davken was not entitled to a declaratory judgment; and (3) the state-law inverse-condemnation claim was not yet ripe for review. This appeal followed.

Davken argues the district court erred by sua sponte dismissing its Contracts Clause claim for failure to state a claim, both prior to the City's appearance in the action and without providing notice to Davken. We agree. In Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc. 695 F.2d 524 (11th Cir. 1983), we specifically prohibited such a sua sponte dismissal in the following circumstances: (1) the defendant had not filed an answer and, thus, the plaintiff still had a right under Fed. R. Civ. P. 15(a) to amend the complaint; (2) the plaintiff's claim was brought in

6

good faith and was not vexatious or patently frivolous; <u>and</u> (3) the district court had provided the plaintiff with neither notice of its intent to dismiss the complaint nor an opportunity to respond. <u>Id.</u> at 527; <u>cf.</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 330 n.8, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (declining to decide whether a district court possesses the ability to <u>sua sponte</u> dismiss a complaint under Rule 12(b)(6)).[1]

Simply put, all of the foregoing circumstances that existed in <u>Wometco</u> also are present in the case at bar. Accordingly, pursuant to our controlling case precedent,[2] we reverse and remand the district court's <u>sua sponte</u> dismissal of the Contracts Clause claim. On remand, the district court must provide notice of its intent to dismiss the claim for lack of merit and an opportunity for Davken to respond prior to dismissing the claim for lack merit.

---

[1]As we recognized in <u>Wometco</u>, a dismissal based on a district court's conclusion that the suit lacks merit differs from a <u>sua sponte</u> dismissal based on a finding of frivolity. <u>See</u> 695 F.2d at 526 n.3 (noting inherent power of courts to dismiss frivolous suits without notice and observing that "[w]e do not hold that cases cannot, if proper procedures are followed, be dismissed when they are so patently lacking in merit as to be frivolous"). The City did not argue in the district court and does not contend here, nor can we find, that Davken's claim based on the Contracts Clause rose to the level of being patently frivolous, within the meaning of <u>Wometco</u>.

[2]The City suggests that our <u>Wometco</u> holding is the minority view and urges us not to apply it here. Based on our "prior precedent rule," <u>Wometco</u> is binding on subsequent panels of this Court and can be overturned only by the Court sitting <u>en banc</u>. <u>Morrison v. Amway Corp.</u>, 323 F.3d 920, 929 (11th Cir. 2003) (citations omitted). Because this Court sitting <u>en banc</u> has not overruled <u>Wometco</u>, it is binding precedent which must be followed by this panel.

As for Davken's remaining arguments, based upon our careful review of the record and the district court's thorough and well-reasoned summary judgment order addressing virtually every argument raised in this appeal, we can find no reversible error in the district court 's disposition of the remaining claims and affirm its judgment in all other respects.[3]

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

---

[3] We also find no abuse of discretion in the discovery rulings Davken challenges. See Wright v. AmSouth Bancorporation, 320 F.3d 1198, 1205 (11th Cir. 2003) (reviewing district court's rulings on discovery issues for abuse of discretion); Harris v. Chapman, 97 F.3d 499, 506 (11th Cir. 1996) ("District judges are accorded wide discretion in ruling upon discovery motions, and appellate review is accordingly deferential.").